UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | } | |
| Irvin Randal Karr, | } | Case No. 20-40655-JJR7 |
| | } | |
| Debtor. | } | |

| | | |
|---|---|---|
| Rocco J. Leo, as Trustee of the | } | |
| Bankruptcy Estate of Irvin | } | |
| Randal Karr, | } | |
| | } | |
| Plaintiff, | } | |
| v. | } | AP No. 20-40025-JJR |
| | } | |
| Deutsche Bank National Trust | } | |
| Company, as Trustee under the | } | |
| Pooling and Servicing Agreement | } | |
| dated as of March 1, 2006, GSRPM | } | |
| Mortgage Loan Trust 2006-1; Ocwen | } | |
| Loan Servicing, LLC; and | } | |
| Dortha Karr, | } | |
| | } | |
| Defendants. | } | |

## MEMORANDUM OPINION AUTHORIZING SALE UNDER § 363(h)[1]

This adversary proceeding came before the court on August 17, 2023, following the Eleventh Circuit Court of Appeals' dismissal of the Bank's appeal. The circuit court held that this court's order from which the appeal was taken was not final, there were unadjudicated claims, and there was, therefore, no just cause for an immediate appeal.[2] The claims that remain for

---

[1] Terms defined in the court's Memorandum Opinion (Doc. 159) and Order (Doc. 160) will continue to have the same meanings when used herein.

[2] The circuit court dismissed the appeal and found that this court abused its discretion in certifying its order as ripe for immediate appeal under Fed. R. Civ. P. 54(b) applicable to bankruptcy adversary proceedings per Fed. R. Bankr. P. 7054. (AP Doc. 160; reconsideration denied at AP Doc. 169; affirmed by the District Court at AP Doc. 194).

adjudication include the counts in the Trustee's amended complaint for turnover of the Property and its sale for division pursuant to Code §§ 363(h) and 542(a), and the Bank's remaining counterclaims and crossclaims, all of which are now ripe for decision in light of this court's summary judgment declaring the Debtor's undivided one-half interest in the Property entered the estate free and clear of the 2004 Mortgage or other claims asserted by the Bank, and declaring that Ocwen was a servicer and not an assignee at the time of the reformation and foreclosure of the 2004 Mortgage.

Sale of the entire Property is the appropriate means for liquidating the estate's one-half interest in the Property under Code § 363(h) regardless of the identity of the co-owner of the other half-interest—be it Dortha or the Bank. The Bank may not agree with the court's previous orders finding the Debtor's interest in the Property was not encumbered by the Bank's 2004 Mortgage or by any equitable interest it may claim, but in light of those orders there is no disagreement among the parties that the Property should be turned over to the Trustee as required by Code § 542(a) so that it may be marketed and sold pursuant to Code § 363(h).[3]

The Bank has repeated its argument that before any sale or at least before a sale is approved, this court should first make an explicit finding that the Bank's prepetition foreclosure sale was valid as to Dortha's half-interest in the Property thus entitling the Bank to receive half the proceeds after the Property is sold pursuant to § 363(j). Such a finding would arguably preclude or estop

---

[3] The Property consists of a single-family residence situated on a small acreage tract, and it would be impractical to physically partition the same. Thus, the entire fee title to all the Property, including the estate's one-half interest and the other half-interest, should be sold pursuant to Code § 363(h). None of the parties contends otherwise. The court is informed that the Debtor and Dortha are preparing to turnover possession of the Property to the Trustee and may have already done so.

2

Dortha from attacking the propriety of the foreclosure of her interest in the pending Ejectment Action remanded to the State Court. (Order at AP Doc. 42.) This court previously rejected that argument in its ruling on the Bank's motion to alter or amend (Order at AP Doc. 169) and further ruled that the Debtor's bankruptcy put issues as to the Debtor's (now the estate's) interest beyond the reach of the State Court. Accordingly, the State Court may determine all issues that remain between Dortha and the Bank. As this court explained in its rulings granting summary judgment in the Trustee's favor and denying reconsideration, the estate will not be impacted by whatever rulings the State Court might enter regarding the half-interest in the Property claimed by Dortha and the Bank or the validity of the Bank's purported foreclosure of that interest.

Determining the rights between the non-debtors—Dortha and the Bank— will have no impact on the estate, does not arise under title 11, and is not a core proceeding under 28 U.S.C. § 157(2).[4] Even if the identity of the co-owner were an issue arising in the Debtor's case, that issue will be controlled by state law and will have no pecuniary effect on the estate, and therefore this court should abstain from hearing the claims between Dortha and the Bank pursuant to 28 U.S.C. § 1334(c)(1). *See also Stern v. Marshall*, 564 U.S. 462 (2011). And delaying the sale until the State Court makes such a determination would be prejudicial to the estate and would further delay the administration of the estate and distribution to creditors of the estate's portion of the sale proceeds.[5]

---

[4] Orders approving the sale of property and proceedings affecting the liquidation of assets of the estate are core. 28 U.S.C. §157(b)(2)(N) and (b)(2)(O). However, approving a sale by the Trustee to liquidate estate assets does not include litigating claims between non-debtors that will not affect that sale or liquidation, as this court discussed in its Memorandum Opinion supporting the remand of Dortha's counterclaims. (AP Doc. 41.)

[5] The Debtor's bankruptcy case was filed over three years ago.

3

For the foregoing reasons, and for those stated on the record at the hearing, the Trustee's claims in his amended complaint seeking a turnover of the Property and that it be sold for division pursuant to Code §§ 542(a) and 363(h) are due to be GRANTED. The Bank's limited objection to the sale of the Property on grounds that this court should first resolve whether the Bank or Dortha owns a half-interest for division of the sale proceeds pursuant to § 363(j) is due to be OVERRULED and its crossclaim / counterclaim relief DENIED to the extent it seeks more than a sale for division.

An ORDER in conformity with this Opinion will be entered contemporaneously herewith.[6]

DONE this 29th day of August 2023.

/s/ James J. Robinson
JAMES J. ROBINSON
U.S. BANKRUPTCY JUDGE

---

[6] Once a proposed sale by the Trustee is approved by the court, the court anticipates it will order that the portion of the sale proceeds not belonging to the estate be either held by the Trustee until the State Court makes a final determination of the ownership of the non-estate half-interest or that such proceeds be paid via interpleader into the State Court in the remanded Ejectment Action.